REDMANN, Judge
(concurring).
Plaintiff charged decedent $500 (including $100 “insurance” and $25 “permit”) for moving the dragline across the levee, $125 for labor to clean and grease it (she paid separately for the grease), $100 to paint it, and $555 for labor alone to change its oil and install two filters, four bolt kits, a battery, a seat, three “glasses” (“front and two sides”) and a barrel and cable. Moreover, despite plaintiff’s contrary testimony, his motel “maintenance man” testified that the labor (which plaintiff’s bill showed as by two “machine men, 37 hrs. each, $7.50 per hour”) was done by the maintenance man and plaintiff’s son. Those charges plus $708.75 for the parts recited above (no others) totalled $1,988.75, which was the total of plaintiff’s typewritten bill.
At the time plaintiff turned over to decedent the $15,000 check paying for the *50 bulldozer she paid plaintiff that itemized bill for $1,988.78. That was the time for plaintiff to have been additionally paid the claimed $1,500 commission if it were agreed on and due. In fact, an additional $100, rather than $1,500, was then paid: to the $1,988.75 typewritten total was added a handwritten $100, making a handwritten total of $2,088.75, which decedent paid.
The probable explanation of that extra $100 is that that was the only “commission” decedent was willing to pay in -addition to an apparently inflated bill for moving and repair. Perhaps decedent had earlier understood she would pay 10% for the indispensable moving, cleaning and fixing as well as sale efforts. She finally paid 14%, and plaintiff would have her pay 24%.
I conclude that, irrespective of whether plaintiff’s efforts “sold” the dragline, he is not entitled to anything more than he got from decedent.